Sears, Roebuck & Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1978, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Harvey Freedenberg,* with him *David E. Lehman,* and *McNees, Wallace & Nurick,* for petitioner.

*Reese F. Couch,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, December 12, 1978:

Sears, Roebuck & Company (Sears) has appealed from a decision of the Unemployment Compensation Board of Review (Board) that Mary B. Mulholland (claimant) did not voluntarily terminate her employment and was therefore eligible for benefits pursuant to the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq. We reverse.

The relevant facts, although somewhat complex, are for the most part undisputed. Claimant was employed by Sears as a record clerk. On March 22, 1976, claimant returned from a one-week vacation and discovered that her workload had drastically increased in her absence. Disturbed, claimant immediately consulted with her supervisor, Mr. Casey, who promised to investigate. Upon returning to her desk, claimant became involved in an argument with a co-worker who was upset about claimant's discussion with Mr. Casey. This argument upset claimant so much that she sought and received permission to leave work early. The next day claimant reported off sick.

When claimant returned to work on March 24, 1976, she again met with Mr. Casey and attempted, unsuccessfully, to resolve the matter of her heavy workload. Mr. Casey asked claimant if she wished to resign, but claimant said she wished to see the head of the personnel department, Mr. Mischke, about a transfer to another department. Claimant met with Mr. Mischke

the next day. She described her conversation with him as follows:

> So, I explained everything to him and told him exactly all the things that I felt and thought, myself because I didn't want to leave Sears. I had worked there a good amount of years and I knew that I only had 9 more years before retirement age. So, anyhow, I told him all this and *so then he said to me, naturally, if I can't find any other work for you, other than to go back to 150 and work for Mr. Casey, will you go back and I said I couldn't. Under the circumstances I couldn't do it. I said physically, or mentally, I just couldn't do it. I said, I guess the only alternative I would have was to resign* and to me, I never dreamed that there wouldn't be a job in Sears because I have done almost everything there is, as I can remember. So, then anyhow, I left under that, you know, and he said I'll get back to you. . . . (Emphasis added.)

After leaving Mischke's office, claimant did not return to her desk to await word on her request for a transfer; rather, *she went home and never again reported for work.*

By letter dated March 31, 1975, Mr. Mischke informed claimant that he had been unable to find another position for her, and he expressed his regret at her decision to leave the company. On April 7, claimant went to see him and reiterated her request for a transfer. She was informed there were "no jobs" available. *Claimant did not ask whether her former job was still available nor did she express a willingness to return to that job.*

Claimant's application for unemployment compensation was initially denied by the Bureau of Employment Security on the basis that she had voluntarily

left work without cause of a necessitous and compelling nature in violation of Section 402(b)(1) of the Act, 43 P.S. §802(b)(1). Two hearings were held at which claimant attempted to establish that she had not resigned but had been discharged. In the alternative, claimant contended that she suffered from a nervous disorder which constituted a sufficiently compelling reason for terminating her employment. The referee and the Board initially denied benefits under Section 402(b)(1), but after a hearing on claimant's petition for reconsideration, the Board concluded that claimant had not voluntarily quit but had been discharged. Since the facts did not establish that claimant was guilty of willful misconduct in violation of Section 402(e) of the Act, 43 P.S. §802(e), the Board granted benefits. Sears then appealed to this Court.

The determination of whether or not a claimant's unemployment is a result of voluntarily leaving work is ultimately a question of law subject to our review. *Schwarzenbach v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 137, 387 A.2d 519 (1978). The resolution of the legal question normally depends, of course, upon the underlying facts as found by the Board, *Correa v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017 (1977), but, as indicated above, the facts in this case are undisputed. This is fortunate since the only relevant "finding of fact" made by the Board was that "[t]he employer discharged the claimant." If there had been any dispute concerning the facts underlying this legal conclusion, a remand for more detailed findings would have been necessary.

The Board, in its brief, attempts to characterize the issue before us as one involving conflicts in testimony. The resolution of such issues is, of course, within the sole province of the Board, but there are no such conflicts in the record before us. In reality, the Board

is relying on two facts which are not disputed by Sears: (1) The claimant never submitted a final and unequivocal resignation to Mr. Mischke at the March 25 meeting, and (2) Mr. Mischke never expressly gave claimant the option to return to her former position during the meeting of April 7. Neither fact is support for the Board's conclusion that claimant was discharged.

An express resignation is not necessary to constitute a voluntary termination; conduct which is tantamount to a voluntary termination of employment is sufficient. *See, e.g., Schwarzenbach v. Unemployment Compensation Board of Review, supra* (unauthorized absence, under some circumstances, is tantamount to a voluntary termination). Such conduct is present in this case. Claimant's own testimony establishes that on March 25 she told Mr. Mischke that she was not physically or mentally capable of returning to her former position. She further testified as to what would be her reaction if a transfer were not available when she stated, "I guess the only alternative I would have was to resign. . . ." Claimant immediately left work and did not return, thereby clearly suggesting that, while she would accept a transfer, she would not return as a record clerk. It was at that point that claimant voluntarily left her employment.

Moreover, after claimant received Mr. Mischke's letter of March 31, in which he made it clear that he regarded her conduct as a resignation, claimant did not attempt to clarify her position or express a willingness to return as a record clerk if a transfer were not possible. Claimant's own conduct certainly explains Mr. Mischke's failure to expressly give her the option of returning to her former position.

We must therefore conclude that the Board erred as a matter of law in finding that claimant was dis-

charged. A question remains as to the proper disposition of this case. The Board argues that a remand is necessary to allow it to determine whether or not the claimant had a necessitous and compelling reason for terminating her employment. This was an important issue at both hearings held on the matter at which claimant attempted to show that she suffered from a nervous disorder and that her physician had advised her to quit. The only medical evidence introduced to support this contention, however, consisted of two written statements from the physician. Sears properly objected to the hearsay nature of this evidence, and the physician's statements would therefore be incompetent to support any findings of fact concerning claimant's alleged nervous disorder. *See Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976).

Although a claimant need no longer show that he or she was advised by a physician to quit because of an illness, *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977), he or she must still adduce *some* competent medical evidence to support the allegation that an illness justified the decision to quit. *Rinehart v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 15, 389 A.2d 243 (1978). Claimant had two opportunities to produce such evidence but failed to do so. Since the record in this case would not support a conclusion that claimant had necessitous and compelling reasons for terminating her employment, a remand to allow the Board to consider the issue would serve no purpose.

#### ORDER

AND Now, this 12th day of December, 1978, the order of the Unemployment Compensation Board of Re-

view, dated June 6, 1977, granting benefits to Mary Mulholland, is hereby reversed, and benefits are denied.