Clark Berry, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 7, 1979, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Salli A. Swartz*, for petitioner.

*John T. Kupchinsky*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE MENCER, October 15, 1979:

Clark Berry, Jr. (claimant) left his job to accompany his wife to a new locality. The Unemployment Compensation Board of Review (Board) ruled that he was ineligible for unemployment benefits by virtue of Section 402(b)(2) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(2). That section provides as follows:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (b)(1)  . . . .
>
> (2)  In which his or her unemployment is due to leaving work (I) to accompany or to join his or her spouse in a new locality, or (II) because of a marital, filial or other domestic obligation or circumstance, whether or not such work is in 'employment' as defined in this act: Provided, however, That the provisions of this

subsection (2) shall not be applicable if the employe during a substantial part of the six months either prior to such leaving or the time of filing either an application or claim for benefits was the sole or major support of his or her family, and such work is not within a reasonable commuting distance from the new locality to which the employe has moved.

The Board, in its brief to this Court, concedes that claimant was the sole or major support of his family for six months prior to the move and that his job was not within a reasonable commuting distance from the new locality. Given these undisputed facts, it is clear that the proviso to 402(b)(2) renders 402(b)(2) wholly inapplicable to the instant case. Thus, we are at a loss to explain how the Board could have denied benefits pursuant to that section.

The Board's brief suggests that it meant to rely on Section 402(b)(1), which provides that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ." This section, although related in purpose to Section 402(b)(2), is a basis for disqualification independent of Section 402(b)(2). The proviso to 402(b)(2) is only that *402(b)(2)* shall be inapplicable if the requirements of the proviso are met; the proviso makes no reference whatsoever to 402(b)(1). Thus, the fact that 402(b)(2) is inapplicable to this case by virtue of the proviso does not render 402(b)(1) also inapplicable.[1]

This case must be remanded for two reasons: (1) Despite the concessions in its brief, the Board made no findings of fact in its decision concerning the ap-

---

[1] In this regard, it should be noted that 402(b)(1) and 402(b)(2) both refer directly back to the opening sentence of Section 402 and that they can be read independently of each other.

plicability of the proviso to 402(b)(2); (2) the findings of fact are similarly inadequate to allow us to pass on the applicability of 402(b)(1).[2] It is well established that, where crucial findings of fact are absent, the case must be remanded to correct the omission. *See, e.g., Curtis v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 462, 379 A.2d 1069 (1977). Accordingly, we enter the following

### ORDER

AND Now, this 15th day of October, 1979, the record in the above case is hereby remanded to the Unemployment Compensation Board of Review for such further proceedings as may be consistent with this opinion.

---

[2] Claimant contends the move to a new locality was necessary because of his wife's health. The Board found that neither claimant nor his wife was advised to move by a doctor, but the Board made no finding concerning whether the wife's health problems actually existed. We note that, where health factors are raised as necessitous and compelling reasons under 402(b)(1), medical testimony is ordinarily required to substantiate the existence of the health problems. *See Scars, Roebuck & Co. v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 170, 394 A.2d 1329 (1978); *Rinehart v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 15, 389 A.2d 243 (1978).