Anne Findora, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Faith Shoe Company, Respondents.

Argued September 13, 1979, before Judges MEN-CER, DiSALLE and MACPHAIL, sitting as a panel of three.

*David J. Findora,* with him *Charles E. Wasilefski,* and *Benjamin & Angino,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney General, Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, November 13, 1979:

Anne Z. Findora (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying her benefits under Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). We affirm.

On October 10, 1977, claimant, after several months of unemployment during which she collected benefits, accepted a position at Faith Shoe Company (Faith) as an operator of a French cording machine. Three days later, claimant voluntarily quit and reapplied to the Bureau of Employment Security for benefits. Both the Bureau and the referee denied her application on the ground that she had voluntarily terminated her employment without cause of a necessitous and compelling nature. The Board affirmed and this appeal followed.

At the hearing before the referee, claimant testified that she had accepted employment with Faith on its representation that she would be working on a counter post pocket machine. When claimant reported to work, she was told that such a machine was being set up for her, and she was asked to work on the French cording machine until the other machine was ready. During her third day on the job, however, claimant was told by the forelady that Faith had never intended to place her on the counter post pocket machine. Claimant, because of both this deception and her alleged inability to work on the French cording machine, promptly quit.

Faith, on the other hand, presented testimony that, when claimant reported for work, she was advised that no work was available on the counter post pocket machine and that, until such work became available, she would work on the French cording machine. Faith alleges that claimant agreed to this temporary assignment and began work.

By voluntarily accepting a job which he subsequently quits, a claimant admits the initial suitability of the job with respect to wages and conditions of employment *unless* "the claimant was deceived as to . . . the conditions later alleged to be onerous when he entered the employment relationship." *Mosley v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 447, 451, 327 A.2d 199, 201 (1974). *See also Rinehart v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 15, 389 A.2d 243 (1978).

Even if claimant was deceived as to the nature of the work she was to perform,[1] she nevertheless has the burden of proving that she quit for cause of a necessitous and compelling nature.[2] *Remington v.*

---

[1] The Board unfortunately made no findings of fact that would resolve this deception issue. Normally in this situation we would remand to the Board for further proceedings. *Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975) ; *Curtis v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 462, 379 A.2d 1069 (1977) ; *Unemployment Compensation Board of Review v. Crilly,* 25 Pa. Commonwealth Ct. 21, 358 A.2d 739 (1976). Since we are convinced that the result would remain the same, no matter what the outcome on the deception issue, however, we need not remand this case.

[2] We are not holding that misrepresentation or deception, in itself, can *never* provide the necessitous and compelling reason to quit work. We can envision a situation in which the deception would be so great as to completely undermine an important and sensitive employer-employe relationship. Given the findings of the Board and the nature of this work, however, we cannot find that such is the case here.

*Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 380, 387 A.2d 1343 (1978).

Here claimant contends, after a three-day trial period, that she was physically incapable, because of poor eyesight, of safely operating the French cording machine. Yet claimant has produced no medical testimony in support of this assertion. While a claimant need not always prove that he was advised by a physician to terminate employment, "he must adduce *some* medical evidence to support his allegation that a physical disability justified his decision to quit." *Rinehart, supra,* at 19, 389 A.2d at 245 (emphasis in original). *See also Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977).

In view of this complete lack of medical testimony, we cannot say that the Board capriciously disregarded competent evidence in finding that claimant voluntarily terminated her employment without cause of a necessitous and compelling nature.

Accordingly, we enter the following

ORDER

AND Now, this 13th day of November, 1979, the order of the Unemployment Compensation Board of Review in the above captioned case, dated May 24, 1978, is hereby affirmed.

