Dimitro Kuncz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 8, 1981, before Judges MENCER, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

346

*Paul Downey*, with him *Neal M. Masciantonio*, for petitioner.

*John Kupchinsky*, Assistant Attorney General, with him *Stephen B. Lipson*, Assistant Attorney General, *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, May 29, 1981:

Dimitro Kuncz appeals from an Unemployment Compensation Board of Review decision affirming a referee's denial of benefits on the ground that his unemployment was due to voluntarily leaving work without compelling cause.[1]

The claimant, then unemployed with respect to his usual work as a welder, took a job with Steel Heddle Manufacturing Co. as a machine operator on April 17, 1979. The claimant worked out his shift that day, but the following day informed Steel Heddle that he could not continue in the job. There is no question that his separation was voluntary.

At the first hearing, the claimant testified that he could not do the job because it required completing production tickets and records; he speaks English but apparently does not write English.[2] The employer's

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

[2] The claimant is a European immigrant whose native tongue is apparently Polish.

representative testified that he was aware of the claimant's inability in that respect, but was willing to afford him a period of several weeks to learn the basic responsibilities of the machine operator's job.

The referee concluded that the claimant had not demonstrated necessitous and compelling cause to leave the machine operator's job because he had not attempted it for a sufficient period; the board affirmed that decision on an appeal.

The claimant then petitioned the board for reconsideration because he had not presented evidence that his separation had been occasioned by health considerations, an omission allegedly due to his language problem and lack of legal representation at the referee's hearing.

The board granted reconsideration and directed the referee to take further evidence as a hearing examiner for the board; at that hearing, the claimant testified to a disc problem and multiple allergies, but presented no medical evidence in those respects. After considering the additional evidence, the board reinstated its first order denying benefits.[3]

When a claimant offers health reasons as a cause of a necessitous and compelling nature, he must present some medical evidence to support that position. *Rinehart v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 15, 389 A.2d 243 (1978). Here the claimant submitted only his own testimony. The claimant's physician's statement, attached to the request for reconsideration, confirms the allergies and disc disease, and it states that claimant was advised to avoid dust, smoke and extensive bend-

---

[3] Because the claimant had the burden of demonstrating cause of a necessitous and compelling nature, and the board found against him, our review is limited to determining whether the board capriciously disregard evidence favorable to the claimant. *Baird v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 118, 372 A.2d 1254 (1977).

ing, twisting or lifting; although that letter was not entered into evidence at the second hearing, Steel Heddle has consented to its being considered part of the record.

Even considering that letter to be competent and properly before us,[4] we cannot conclude that the board's action in disregarding it was capricious. The record presents a conflict in the claimant's own testimony as to the reasons he left Steel Heddle, a conflict which the board resolved against the claimant. The board's conclusion that the claimant quit because of his own view of his ability to perform is supported by the record; we cannot say that the board erred as a matter of law in considering his one-day effort to be an insufficient attempt.

Accordingly, we affirm the board's decision.

ORDER

AND Now, May 29, 1981, the September 26, 1979 order of the Unemployment Compensation Board of Review, at No. B-173819-B, is affirmed.

---

[4] The letter, dated after claimant's separation from Steel-Heddle, is a brief note.