**Harry F. Stiffler, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.**

Argued October 8, 1981, before Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Martin Nadorlik,* with him *Edward R. Schellhammer, John D. Gibson* and *Stephen E. DiNovis,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *Joseph F. Bewick,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., January 8, 1982:

This is an appeal by claimant from an order of the Unemployment Compensation Board of Review (Board) denying him benefits under Section 402(b) (1) of the Unemployment Compensation Law (Law).[1] The Board reversed a referee's decision awarding benefits.

Claimant, Harry Stiffler, was last employed as a truck driver by Cambria Transport Company. He severed the employment relationship on August 19, 1979. On that date, claimant notified his employer that

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended,* 43 P.S. §802(b)(1).

he was terminating his employment to go to work for his uncle. Claimant alleged that his termination was, in fact, induced by his dissatisfaction with his wages, work conditions, and health benefits. Prior to terminating his employment, however, claimant did not inform his employer of his displeasure with his job.

Subsequent to quitting his job, claimant applied for unemployment compensation benefits. The Office of Employment Security denied benefits to the claimant. The claimant filed an appeal from that determination and, after a referee's hearing, a determination was issued reversing that of the Office and granting benefits to the claimant. Upon the employer's appeal, the Unemployment Compensation Board of Review issued an order remanding the case to the referee to allow the employer to present his testimony. A second hearing in this matter was held, and, in May, 1980, the Board reversed the referee's decision, thereby denying benefits to the claimant. This appeal followed.

The instant claimant contends that the Board erred in finding an absence of compelling and necessitous reasons for his voluntary cessation of employment. He asserts that he left his job because he did not receive the wages and hospitalization plan which he had been promised, and that he was forced to drive an unsafe truck under conditions which were in violation of the law.[2]

We must begin by noting that a claimant who voluntarily terminates his employment bears the burden of proving that his decision was motivated by compelling and necessitous reasons in order to be eligible for unemployment compensation benefits. *Hill v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 141, 415 A.2d 711 (1980). By volun-

---

[2] Claimant alleged that he was told to haul truckloads of materials which exceeded the legal limit.

tarily accepting a job which he subsequently quits, an employee admits to the initial suitability of the job with respect to wages and conditions of employment. Unsuitability of work constitutes cause of a necessitous and compelling nature only if an employee proves that he was deceived as to the conditions of the employment claimed to be onerous or that such conditions had changed. *Findora v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 301, 407 A.2d 938 (1979).

In the case at bar, the Board found that the claimant was hired on a commission basis and that that fact as well as the details of his hospitalization program were spelled out to the claimant at the time of hire. It also found that all of the employer's truck drivers were told to haul loads over the legal limit. Those findings indicate that the claimant was not deceived as to his salary or working conditions when he was employed. Rather, the Board found, "The claimant . . . terminated his employment because he felt his earnings were insufficient, he was not receiving the hospitalization program he wished to receive, and because he felt he had to haul truck loads over the legal limit. . . ."[3] It is well established law that mere dissatisfaction with wages or work assignments is not cause of a necessitous and compelling nature for an employee's voluntary quit. *Snyder v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 425, 421 A.2d 530 (1980). Furthermore, our review of the record indicates that the Board's findings are supported by substantial evidence, thus those findings must not be disturbed.

It must also be noted that an unemployment claimant must establish both that he acted with ordinary common sense in quitting his job and that he had made

---

[3] Board's finding of fact number 4.

a reasonable effort to preserve his employment. In essence, a claimant who willingly resigns from his job must show that he had no real choice but to leave. *Sileo v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 632, 419 A.2d 223 (1980). The instant claimant made no attempt whatsoever to retain his job prior to quitting. In fact, claimant never so much as alerted his employer to his discontentment.

For the above stated reasons, we must affirm the decision of the Board denying claimant benefits.

### ORDER

AND Now, the 8th day of January, 1982, the order of the Unemployment Compensation Board of Review at Decision No. B-183976 is affirmed.

This decision was reached prior to the expiration of the term of Judge PALLADINO.