Malcolm C. Taylor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1982, before President Judge CRUMLISH and Judges BLATT and DOYLE, sitting as a panel of three.

*Robert J. Manara,* with him *Linda K. Ludgate,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Blatt, May 26, 1982:

Malcolm C. Taylor (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which denied him benefits pursuant to Section 402(b)(1) of the Pennsylvania Unemployment Compensation Law (Act).[1]

The claimant was employed by the Commonwealth of Pennsylvania for approximately 20 years, the last five of which were with the Department of Labor and Industry, Unemployment Compensation Board of Review, as an Appeals Referee I. On April 16, 1979 he informed his supervisor by letter of his intention to resign from his position as of May 23, 1979 in order to join his wife who had moved to North Carolina after allegedly having "been advised by her doctors to leave

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). This case was brought and decided under Section 402(b) as in force prior to amendment by the Act of July 10, 1980, P.L. 521.

the colder climate in Philadelphia and Wyomissing as they felt that the warmer climate of North Carolina would be more beneficial to her health.''

The Interstate Claims Section of the Office of Employment Security (Office) determined that the claimant was ineligible to receive benefits pursuant to Section 402(b)(2) of the Act, 43 P.S. §802(b)(2), because he had voluntarily terminated his employment merely to join his wife in a new locality. Following a hearing in North Carolina, at which the claimant appeared and testified, the referee affirmed but modified this determination by denying benefits pursuant to Section 402(b)(1) of the Act which denies benefits to an employee who voluntarily leaves work without cause of necessitous and compelling reason. The Pennsylvania Board, without taking additional evidence, found that the claimant's primary reason for terminating his employment was not to join his wife in a new locality but was rather to manage his real estate holdings there, and affirmed the referee's denial of benefits under Section 402(b)(1) of the Act, 43 P.S. §802(b)(1). The claimant requested reconsideration and the Board vacated its previous decision. Then, on June 18, 1980 oral argument as to the applicability of the law on the basis of the previously established record, was held before the Board en banc and a further hearing was ordered for the purpose of receiving additional testimony. That hearing was then held in North Carolina after which, on September 30, 1980, the Pennsylvania Board again affirmed the referee and denied benefits to the claimant, once more citing Section 402(b)(1) of the Act, 43 P.S. §802(b)(1). The claimant's request for reconsideration of the decision was denied and this appeal followed.

The claimant asserts that he moved to join his wife, who for health reasons had relocated to a new locality

located an unreasonable commuting distance from his job. He testified that, prior to their occupancy of his previously rented North Carolina property, the house had been broken into several times and that he found it necessary to be with his wife because of the increased crime rate in the area. He further testified that he had been informed by an employee of the Civil Service Commission that a person in his job classification was prohibited from living in a state other than Pennsylvania while so employed and that by moving to North Carolina he was, therefore, precluded from remaining in his job with the Commonwealth. He submitted a statement, as well as testified, that he was the sole support of his family.

The claimant argues that he met the eligibility requirements of Section 402(b)(2)(I) of the Act, 43 P.S. §802(b)(2)(I), and that the Board, therefore, erred in denying him benefits. Section 402(b) provides in pertinent part that:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (b)(1)  In which his unemployment is due to voluntarily leaving work without cause of. a necessitous and compelling nature. . . .
>
> (2)  In which his . . . employment is due to leaving work (I) to accompany or to join his . . . spouse in a new locality . . . Provided, however, That the provisions of this subsection (2) shall not be applicable if the employe during a substantial part of the six months either prior to such leaving or the time of filing either an application or claim for benefits was the sole or major support of his . . . family, and such work is not within a reasonable commuting distance from the new locality to which the employe has moved.

In *Berry v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 478, 480, 406 A.2d 842, 844 (1979), we stated that:

> [Section 402(b)(1)], although related in purpose to Section 402(b)(2), is a basis for disqualification independent of Section 402(b)(2). The proviso to 402(b)(2) is only that *402(b)(2)* shall be inapplicable if the requirements of the proviso are met; the proviso makes no reference whatsoever to 402(b)(1). Thus, the fact that 402(b)(2) is inapplicable to this case by virtue of the proviso does not render 402(b)(1) also inapplicable. (Emphasis in original; footnote omitted.)

To establish eligibility for benefits in a voluntary termination case, the claimant has the burden of proving that he left his employment for cause of a necessitous and compelling nature. *Kuhn v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 176, 432 A.2d 1156 (1981). Section 402(b) sets forth distinct, independently-stated conditions which render a claimant ineligible for compensation; by eliminating one of the conditions the claimant has not eliminated all bases of ineligibility. A claimant who has met the requirements of the proviso contained in Section 402(b)(2) has thereby off-set the ineligibility for benefits that occurs under the Act when an employee voluntarily terminates his position to follow his spouse to a new location; in so doing, he has not, however, met his burden under Section 402(b)(1) of negating the ineligibility implicit in a voluntary termination absent a showing by him that his termination was for a cause of necessitous and compelling reason. Furthermore, our Supreme Court reached much the same result in *Richards v. Unemployment Compensation Board of Review,* 491 Pa. 162, 420 A.2d 391 (1980), where it recognized that, for a claimant to pre-

vail in a Section 402(b)(2)(I) case he must demonstrate that his leaving employment was motivated by a more significant reason than the desire to join his spouse. The Court there concluded that "[Section 402(b)(2)(I)] mandates a finding of eligibility once an applicant has demonstrated that the desire to join his or her spouse was not *the predominant reason* for his or her termination of employment." *Id.* at 168-69, 420 A.2d at 395 (emphasis in original). The Court found that the claimant had met her burden of proof because she had established that her move to a rent-free house located 45 miles away had been *compelled* by *economic* necessity when her husband had been fired from his job thereby losing the great bulk of their income and suffering eviction from a rent-free house.

Where health problems are raised as necessitous and compelling reasons under Section 402(b)(1), medical testimony is ordinarily required to substantiate their existence. *Berry; Sears, Roebuck & Co. v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 170, 394 A.2d 1329 (1978). The Board, here stated that the claimant had not offered any medical evidence; to the contrary, the claimant, as he testified, had submitted a physician's note which stated that "Annie Taylor was told by me to move to a warmer climate because of arthritis and low back syndrome." The Board must, therefore, determine the competency and probative value of this evidence and make findings as to whether the wife's health problems actually existed, *Berry,* and if so, then whether or not they and the safety considerations advanced by the claimant here are credible and constitute cause of a necessitous and compelling reason for voluntarily terminating his job.

The Board here has failed to make the necessary findings of fact which would support a conclusion as

to whether or not the claimant has met his burden of proof under Section 402(b)(2) as set forth in *Richards,* or as to the applicability of Section 402(b)(1). And, of course, it is well-settled that where crucial findings of fact are absent, the matter must be remanded to correct the omission.

We will, therefore, remand the record in this case to the Board for further proceedings consistent with this opinion. *Berry.*

#### ORDER

AND Now, this 26th day of May, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is set aside and the case is remanded for further proceedings consistent with the foregoing opinion.

Judge MENCER did not participate in the decision in this case.