Malcolm C. Taylor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1984, before Judges DOYLE, COLINS and PALLADINO, sitting as a panel of three.

*Michael D. Raske, Romano & Raske,* for petitioner.

*Karin S. Simpson,* with her, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, December 4, 1984:

Malcolm C. Taylor (Claimant) appeals from an Order of the Unemployment Compensation Board of Review (Board) which denied benefits under Section 402(b) of the Unemployment Compensation Act (Act).[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897 *as amended,* 43 P.S. §802(b). At the time of the hearing, Section 402(b) stated, in pertinent part:

> An employe shall be ineligible for compensation for any week—

> . . . .

> (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

> (2) In which his . . . unemployment is due to leaving work (I) to accompany or to join his . . . spouse in a new locality . . . Provided, however, That the provisions of this subsection (2) shall not be applicable if the employe during a substantial part of the six months either prior to such leaving or the time of filing . . . was the sole or major support of his . . . family, and such work is not within a reasonable commuting distance from the new locality to which the employe has moved.

Claimant was employed by the Commonwealth of Pennsylvania as an Appeals Referee I for the Unemployment Compensation Board of Review. Claimant resigned his position on May 23, 1979, in order to join his wife, who had moved to Claimant's property in Hillsborough, North Carolina, upon her doctors' advice that she leave the colder climate of central Pennsylvania for health reasons. The Interstate Claims Section of the Office of Employment Security determined that Claimant was ineligible to receive benefits on the basis of Section 402(b)(2)[2] of the Act because he had terminated his employment merely to join his wife in a new locality. After two hearings before a North Carolina referee, the Board affirmed the referee's decision but based its denial of benefits on Section 402(b)(1),[3] of the Act holding that Claimant voluntarily left his employment without cause of necessitous and compelling reason. In Claimant's initial appeal to this Court, we remanded to the Board, finding that the Board had failed to make the necessary findings of fact to support a conclusion as to Claimant's eligibility under either Section 402(b)-(1) or 402(b)(2). *Taylor v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 603, 445 A.2d 857 (1982) *(Taylor I).* On remand the Board made new findings of fact, and again denied benefits, concluding that while Claimant was not ineligible under Section 402(b)(2), he was ineligible under Section 402(b)(1), because he did not prove his termination was for cause of necessitous and compelling reason.

---

Subsection 2 of this Section was subsequently repealed by Section 14 of the Act of July 10, 1980, P.L. 521.

[2] Formerly 43 P.S. §802(b)(2).

[3] Formerly 43 P.S. §802(b)(1).

Claimant appeals to our Court from this determination of the Board, arguing that because he has satisfied the conditions for eligibility under Section 402(b)(2), he need not also satisfy the conditions of Section 402(b)(1) in order to qualify for benefits. This argument was considered by our Court in *Taylor I* in which we stated:

Section 402(b) sets forth distinct, independently-stated conditions which render a claimant ineligible for compensation; by eliminating one of the conditions the claimant has not eliminated all bases of ineligibility. A claimant who has met the requirements of the proviso contained in Section 402(b)(2) has thereby off-set the ineligibility for benefits that occurs under the Act when an employee voluntarily terminates his position to follow his spouse to a new location; in so doing, he has not, however, met his burden under Section 402(b)(1) of negating the ineligibility implicit in a voluntary termination absent a showing by him that his termination was for a cause of necessitous and compelling reason.

66 Pa. Commonwealth Ct. at 607, 445 A.2d at 859. Thus, despite the fact that Claimant has satisfied the eligibility conditions of Section 402(b)(2), he must still show that his termination was for a necessitous and compelling reason under Section 402(b)(1). *See Berry v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 478, 406 A.2d 842 (1979).

Claimant argues that the Board disregarded evidence which established that his termination was for a cause of necessitous and compelling reason. Claimant presented evidence that his wife was advised to move to a warmer climate by her doctors, and that

Claimant's presence was needed at his North Carolina property because of a high crime rate in that area. The Board, however, concluded that Claimant had not shown that the climate in North Carolina was indeed warmer than the climate in central Pennsylvania, nor that his presence was needed in order to protect the North Carolina property from crime. After a careful review of the record, we cannot conclude that the Board's findings in this matter constitute a capricious disregard of the evidence.[4] Questions of credibility, evidentiary weight and the inferences to be drawn from the evidence are within the province of the Board, whose findings are conclusive upon this Court in the absence of fraud. *Wilkins v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 591, 451 A.2d 1069 (1982).

Accordingly, we must affirm the order of the Board denying benefits to Claimant.

### ORDER

Now, December 4, 1984, the order of the Unemployment Compensation Board of Review, No. B-180583-E, dated August 25, 1982, is hereby affirmed.

---

[4] The Claimant had the burden of establishing that he had a necessitous and compelling cause for terminating his employment. *Taylor I,* 66 Pa. Commonwealth Ct. at 607, 445 A.2d at 859.