# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dale S. Zimmerman,                  :
                Petitioner     :
                                       :
             v.                :    No. 282 C.D. 2019
                                       :    Submitted: July 26, 2019
Unemployment Compensation       :
Board of Review,                   :
                Respondent    :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**            **FILED: August 13, 2019**

Dale S. Zimmerman (Claimant), pro se, petitions for review of an Order of the Unemployment Compensation (UC) Board of Review (Board) finding Claimant ineligible for benefits pursuant to Section 402(b) of the UC Law (Law).[1]  Claimant asserts the Board erred in finding he did not have a necessitous and compelling reason to voluntarily quit.  Finding no errors of law, abuse of discretion, or procedural infirmities, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b), which provides, in relevant part, that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ."

The facts of this case are not in dispute. Claimant was hired by Spring Glen Fresh Foods Inc. (Employer) to work full-time as a machine operator. Prior to beginning work, Claimant inquired as to his hourly rate and was told by Employer that it could not provide an hourly rate until Claimant started. Claimant accepted the position anyway. On August 6, 2018, Claimant's first day of work, Claimant worked 8½ hours. During that time, Claimant did not inquire about his hourly rate. The following day, Claimant resigned.

Thereafter, Claimant filed an application for UC benefits. The local UC Service Center found Claimant ineligible for benefits under Section 402(b).[2] Claimant appealed, and a hearing was held before a UC Referee (Referee) on December 10, 2018, at which Claimant testified on his own behalf.[3] Following the hearing, the Referee issued a Decision affirming the Service Center's finding that Claimant was ineligible for benefits under Section 402(b). The Referee reasoned that by accepting the position, a presumption arose as to the position's suitability. (Referee Decision at 2.) To rebut that presumption, the Referee explained, Claimant must show there was a substantial unilateral change in Claimant's employment, conditions of which Claimant was unaware became onerous, or Claimant was deceived as to the conditions of employment. (*Id.*) The Referee further explained that a claimant's mere dissatisfaction with work is not a necessitous and compelling reason for quitting and that a claimant must make reasonable efforts to preserve the employment relationship. (*Id.*) Applying those principles to Claimant's case, the Referee concluded Claimant accepted the position without knowing the hourly rate

---

[2] Claimant was also assessed an overpayment for receipt of benefits to which he was not entitled. The Referee upheld the overpayment.

[3] Employer sent a letter to the Referee beforehand indicating it was not participating in the hearing.

and never inquired again of Employer before quitting. (*Id.*) Therefore, the Referee held Claimant did not establish a necessitous and compelling reason for voluntarily quitting.[4] (*Id.*)

Claimant appealed to the Board, which affirmed, adopting the Referee's findings and conclusions as its own. It further stated that Claimant accepted the position without knowing the hourly rate and quit after working one shift. The Board found Claimant did not make reasonable efforts to preserve his employment because he did not inquire again about his hourly rate at any time during the first day. Claimant now petitions for review of the Board's Order.

On appeal,[5] Claimant argues the Referee and Board focused on his quitting but not on the reasons for his quitting. Citing Section 4 of the Wage Payment and Collection Law (WPCL),[6] Claimant argues Employer had a duty to notify him of his

---

[4] Before the Referee, Claimant also claimed he quit because he was not provided a second 15-minute break. The Referee also rejected this reason as sufficient under the Law to make Claimant not ineligible for benefits. Claimant does not raise that issue before this Court.

[5] This Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of facts are supported by substantial evidence. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

[6] Act of July 14, 1961, P.L. 637, *as amended*, 43 P.S. § 260.4. Section 4 provides:

It shall be the duty of every employer to notify his employes at the time of hiring of the time and place of payment and the rate of pay and the amount of any fringe benefits or wage supplements to be paid to the employe, a third party or a fund for the benefit of the employe and any change with respect to any of these items prior to the time of said change. Alternatively, however, every employer may give such notification by posting the aforementioned facts and keeping them posted conspicuously at the employer's place of business. Further, in cases where wages, amounts of any fringe benefits or wage supplements are set forth in a bona fide collective bargaining agreement and copies of that agreement are available to employes, then this shall satisfy the employer's duty to give notice.

*Id.*

3

hourly rate at the time Claimant was hired. Claimant asserts that when he was hired, he inquired about the hourly rate and was told it could not be provided until Claimant started work. On his first day of work, Claimant alleges he attended orientation, and Employer still did not disclose his hourly rate, which led to him quitting at the start of the next day.

The Board argues that Claimant did not make reasonable efforts to preserve his employment and therefore is ineligible for benefits under Section 402(b).

Under Section 402(b) of the Law, "[w]here a claimant has voluntarily quit employment, in order to obtain benefits, [he] must show that [he] left [his] employment for necessitous and compelling reasons." *Collier Stone Co. v. Unemployment Comp. Bd. of Review*, 876 A.2d 481, 484 (Pa. Cmwlth. 2005). Here, it is undisputed that Claimant voluntarily left his employment. Therefore, the burden is on Claimant to show that he had a necessitous and compelling reason to do so. *Latzy v. Unemployment Comp. Bd. of Review*, 487 A.2d 121, 123 (Pa. Cmwlth. 1985). To satisfy this burden, Claimant must demonstrate that: "(1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and[] (4) the claimant made a reasonable effort to preserve [his] employment." *Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). "Mere dissatisfaction with one's working conditions does not constitute cause of a necessitous and compelling nature for terminating one's employment." *Id.* Whether a claimant had necessitous and compelling reasons for terminating his employment is a question of law subject to review by this Court. *Wise v. Unemployment Comp. Bd. of Review*, 111 A.3d 1256, 1261 (Pa. Cmwlth. 2015).

4

The reason Claimant provides for quitting his employment after just one day was that Employer never informed him of what his hourly rate would be. However, Claimant accepted the position without knowledge of this fact. It is well established that "[b]y voluntarily accepting a job which he subsequently quits, an employee admits to the initial suitability of the job with respect to wages and conditions of employment." *Stiffler v. Unemployment Comp. Bd. of Review*, 438 A.2d 1058, 1060 (Pa. Cmwlth. 1982). "Unsuitability of work constitutes cause of a necessitous and compelling nature only if an employee proves that he was deceived as to the conditions of the employment claimed to be onerous or that such conditions had changed." *Id.* Here, Claimant does not allege he was somehow deceived or that his employment conditions somehow changed. Nor does he allege that he was not paid by Employer for the short time he did work.[7] This case is unlike *Shupp v. Unemployment Compensation Board of Review*, 18 A.3d 462, 465-66 (Pa. Cmwlth. 2011), in which we held that a claimant who was not paid regularly or timely, in violation of Section 4 of the WPCL, had necessitous and compelling reasons to quit.

In any case, Claimant did not take reasonable efforts to preserve his employment before quitting. Before voluntarily leaving one's employment, a claimant must establish both that he "acted with ordinary common sense in quitting [the] job and that [the claimant] made a reasonable effort to preserve [the] employment." *Spadaro v. Unemployment Comp. Bd. of Review*, 850 A.2d 855, 860 (Pa. Cmwlth. 2004). Here, the prudent thing for Claimant to do would have been to ask Employer about his hourly rate again. Claimant, however, admits he did not ask Employer about it on his first day. We cannot conclude that the Board erred in

---

[7] Claimant acknowledges he was, in fact, paid for the work he performed.

5

finding Claimant did not take reasonable efforts to preserve his employment, such as asking Employer, before he quit.

For these reasons, the Order of the Board is affirmed.

_____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dale S. Zimmerman,                          :
                 Petitioner       :
                                   :
             v.                      :      No. 282 C.D. 2019
                                   :
Unemployment Compensation            :
Board of Review,                              :
                 Respondent     :

## **O R D E R**

**NOW**, August 13, 2019, the Order of the Unemployment Compensation Board of Review, dated February 15, 2019, is **AFFIRMED**.

 

                                         _____

                                         **RENÉE COHN JUBELIRER,** Judge