Dennis C. Grove (Token), Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 3, 1979, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Alan R. Krier,* of *Jubelirer, Carothers, Krier & Halpern,* for petitioner.

*David Confer,* Assistant Attorney General, with him *GuruJodha Singh Khalsa,* Assistant Attorney General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., February 27, 1980:

This "token" appeal is filed on behalf of 134 claimants who were denied compensation by the Unemployment Compensation Board of Review pursuant to Section 402(d)[1] which disallows benefits where unemployment is due to a work stoppage resulting from a labor dispute.

Employer manufactures carriages, strollers, car seats and high-chairs. On July 12, 1976, during a plant vacation a few employees began picketing the plant. The vacation ended on July 19th and 134 of the approximately 320-member work force crossed the picket line to work. These employees again reported for what would be their last day of work on July 20, 1976.

Appellant argues that there was a capricious disregard of evidence in making the findings and in concluding that the work stoppage resulted from the ongoing strike rather than from a work shortage. The argument is premised on employer testimony that a seasonal slowdown would have forced the necessity of a layoff notwithstanding the mass picketing.

[1] Section 402(d) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(d).

A record review reveals that a layoff of some employees was imminent as a result of a seasonal slowdown; it does not support the position that the layoff of the entire remaining work force on July 20, 1976 resulted from a drop in product demand.

Work orders continued to arrive at the plant, making work available but plant production was made impossible because of striking skilled personnel.

Even were we to ignore this evidence, it is clear that the fact finder had substantial evidence to conclude that the employees chose to honor the picket line. The record tells us that the employees indicated that they would rather be laid off than continue to face the picket line. Although this finding is at least arguably contradicted, it is for the fact finder to determine questions of credibility.

It appears that claimants' work stoppage was the direct result of the labor dispute and there has been no showing that Section 402(d) should not apply.

Claimant's counsel argues that the token claimant is not representative of the entire class because his admittedly signed statement that the employees said they would rather be laid off than cross the picket line is not the position of the remaining work force. This argument is without merit because all parties agreed to rely on the success or failure of the token claimant. On this record, we hold that there is no merit to claims of prejudice resulting from their reliance on the token claimant and hence there was no denial of due process.

Accordingly, we

## Order

And Now, this 27th day of February, 1980, the order of the Unemployment Compensation Board of Review dated April 20, 1977, at Decision No. B-144137 is affirmed.

This decision was reached prior to the death of President Judge Bowman.

Judge DiSalle did not participate in the decision in this case.