Joyce Wentovich, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Dianne Fitze,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her *James K. Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, February 11, 1981:

Joyce Wentovich (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's determination that she had voluntarily terminated her employment without a necessitous and compelling reason and that she was consequently ineligible for unemployment benefits under Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936,

Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

The claimant was last employed as a waitress at a restaurant owned by Vince Caljean (employer). On May 17, 1979, the employer requested that she no longer eat lunch at a neighboring, competing restaurant. The Board found that after the employer made the request the claimant left work and did not return. She contends in this appeal that she was discharged and did not voluntarily terminate her employment, or, in the alternative, if she did voluntarily quit, she contends that the employer's request was unreasonable and amounted to a compelling cause for her to quit.

Because the Board's finding that the claimant voluntarily terminated her employment is supported by substantial evidence, it must be affirmed. *Westfall v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 619, 379 A.2d 1389 (1977). The evidence shows that the employer did not force the claimant to resign, but rather, as the claimant testified: "He told me if I did not like the snack bar there to ... if the [employer's] snack bar wasn't good enough for me to eat there, I should seek new employment. I was very upset." Other evidence shows that after this reprimand the claimant simply left work and did not return. We recognize that when an employer recommends that an employee terminate his employment and uses language having the immediacy and finality of firing, the consequent resignation is not considered a voluntary termination. *Sweigart v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979). Clearly, however, the employer's request in this case did not amount to a demand for the claimant's resignation. When the claimant did not return to work, therefore, she voluntarily terminated her employment.

We must also hold that, contrary to the claimant's argument, the employer's request did not amount to a cause of a necessitous and compelling nature for her to quit her job. Dissatisfaction with working conditions centering around differences with the employer is not a compelling cause for terminating employment within the meaning of Section 402(b)(1) of the Law, 43 P.S. §802(b)(1). *Maiers v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 338, 409 A.2d 956 (1980). The employer's request that the claimant refrain from spending her lunch break at a competing restaurant may have made the claimant dissatisfied with her working conditions, but it was not such an unreasonable or onerous request as to constitute a compelling cause for the claimant's termination.

We will therefore affirm the Board's order.

ORDER

AND, Now, this 11th day of February, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.