Martina H. Sofis, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 7, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Martin W. Sheerer,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., August 18, 1982:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board). The Board affirmed a referee's decision denying benefits to claimant Martina H. Sofis.

From March, 1975 to October 4, 1979 claimant was employed by the Viking Motor Hotel as a bartender and hostess. On the latter date, claimant approached the hotel manager, Elmer Falavolito, and asked per-

mission to borrow a serving dish. When claimant explained that she planned to use the dish at a party in her home, Mr. Falavolito reminded her of the hotel's long-standing policy against fraternization with customers. In response to this admonishment, claimant stated that she could no longer tolerate the rule prohibiting private association with customers, and informed Mr. Falavolito that she would not remain in his employ.

Subsequent to quitting her job, claimant applied for unemployment compensation benefits, which were denied by the Office of Employment Security. Following a hearing on appeal, the referee affirmed, finding that claimant had voluntarily terminated her employment without cause of a "necessitous and compelling nature," and thus was ineligible for benefits by virtue of Section 402(b)(1) of the Unemployment Compensation Law.[1] The Board affirmed the referee's decision, and the instant appeal followed.

A claimant who becomes unemployed by voluntarily quitting his or her job assumes the burden of showing that such termination was for cause of a "necessitous and compelling nature." *Cowls v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 150, 427 A.2d 722 (1981). In essence, a claimant who willingly resigns from his job must demonstrate that he had no real choice but to leave his employment. *Stiffler v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 44, 438 A.2d 1058 (1982).

The claimant herein contends that the referee capriciously disregarded competent testimony which established that she terminated her employment for

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). Pursuant to the Act of July 10, 1980, P.L. 521, Section 402(b)(1) is now Section 402(b) of the Unemployment Compensation Law, 43 P.S. §802(b).

necessitous and compelling reasons.[2] In this regard, she points to her testimony that she was sexually harassed by her employer; that her wages were lower than those of male employees; and that her employer watched her home to determine whether she was associating privately with business clientele.

The Board, as the ultimate fact finder, is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses. *Cowls, supra.* At the hearing held before the referee, the claimant testified as follows concerning the events culminating in her decision to terminate her employment:

I asked him about four if I could borrow a pan from the steam table to keep your food warm. He said what do you want it for. I said I am having a surprise birthday party for a girl-friend of mine. He said this surprise party better not be for one of my customers. He said if I see any of my customers [sic] cars outside of your house, that will be cause for dismissal. I said Elmer, I do have friends outside of the Viking. He said I have seen customers at your house. At that point I didn't want the pan, I just threw the pan, I started to think about what he said to me. I said I am going to quit right now. Then I said I didn't do this, thats [sic] not how I am. I am going to talk to him. I said Elmer, after thinking what you said to me, you admit you are watching my house, who comes in and out and trying to tell me I cannot see people when I am done working, I said I might as well

---

[2] Where, as here the party with the burden of proof does not prevail before the Board, this Court's scope of review is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law, and whether the findings can be sustained without a capricious disregard of competent evidence. *Donaldson v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 41, 434 A.2d 912 (1981).

go to Russia because I can't do in my private life what I want to do there if you are telling me what I can do after working hours, I have always been a lady in that place, I never drink with customers but when I am living my life is my own. *He said you know the rules, I don't want my customers stopping at your house, thats [sic] a reason for dismissal. I said if I can't have my private life, I can't work for you any longer. I will finish the day but I will not come back for you.* (Emphasis added.)

While claimant advanced other reasons for quitting her job, it is clear that the Board properly acted within its province in finding that claimant voluntarily terminated her employment because of dissatisfaction with the policy in question.

We must also conclude that the employer's insistence upon compliance with the rule prohibiting private association with hotel patrons does not amount to a cause of a necessitous and compelling nature for claimant to quit her job. It is well-established that neither disagreement with an employer's policies, nor dissatisfaction with working conditions centering around differences with the employer, is a compelling cause for the voluntary cessation of employment. *Koman v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 604, 435 A.2d 277 (1981); *Wentovich v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 569, 425 A.2d 483 (1981). While the employer's prohibition made claimant dissatisfied with her job, it was not such an unreasonable or onerous condition of employment as to constitute a compelling cause for termination.

For the foregoing reasons, the order of the Unemployment Compensation Board of Review entered in this matter is affirmed.

## ORDER

AND Now, the 18th day of August, 1982, the order of the Unemployment Compensation Board of Review at Decision No. B-179891 is affirmed.