554 A.2d 177

William L. Creason, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 22, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Robert D. Kodak, Knupp & Kodak, P.C.*, for petitioner.

*Maribeth Wilt-Seibert*, Assistant Counsel, with her, *Clifford F. Blaze*, Deputy Chief Counsel, for respondent.

*Thomas A. Beckley*, with him, *Charles O. Beckley, II*, *Beckley & Madden*, for West Hanover Township, intervenor.

OPINION BY SENIOR JUDGE NARICK, February 15, 1989:

In this unemployment compensation case, William L. Creason (Claimant) petitions for review of a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits to Claimant pursuant to Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. 1937 (2897), *as amended*, 43 P.S. §802(b) (voluntary quit). We affirm.

The basis of Claimant's appeal is that he had necessitous and compelling reasons for terminating his employ-

ment. Claimant also argues that the referee erred as a matter of law in refusing to admit certain evidence into the record. We will address both of these contentions raised by Claimant keeping in mind that our scope of review is limited. We must affirm the Board's decision unless there has been a violation of constitutional rights, an error of law committed or the Board's findings are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

Claimant was employed for approximately five years as the zoning and code enforcement officer for West Hanover Township (Township). This position required the yearly approval of the Township's Board of Supervisors (Supervisors). The Supervisors held their first meeting for the 1988 year on January 14, 1988. During the meeting, although Claimant was unanimously approved as "acting" zoning and code enforcement officer, his request for a salary increase was denied. Before the meeting was over, Claimant submitted a letter of resignation to the Supervisors which stated that his resignation was "due to potential personal conflicts with some Board [Supervisors] members."

The burden of proving that his termination of employment was for reasons necessitous and compelling rests with Claimant. *Matvey v. Unemployment Compensation Board of Review*, 109 Pa. Commonwealth Ct. 591, 531 A.2d 840 (1987). In order for Claimant to establish a necessitous and compelling reason for resigning from his job, he must demonstrate that his conduct was consistent with ordinary common sense and prudence, and that the circumstances promoting the resignation were for reasons which were real, substantial and reasonable, and not for reasons imaginary, trifling or whimsical. *St. Barna-*

*bas, Inc. v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 191, 525 A.2d 885 (1987).

Thus, we begin our analysis as to whether Claimant's reasons for terminating his employment were for reasons real, substantial and reasonable by reviewing the testimony presented by Claimant before the referee. This testimony reveals that Claimant submitted his resignation to the Supervisors because he believed they were eventually going to dismiss him and he did not want this blemish on his work record. The basis for this belief was that during his five years as zoning and code enforcement officer he had never been appointed to an "acting" capacity. Claimant testified that the Supervisors' intentions were further evidenced by their refusal to grant him a pay raise for the 1988 year; however, Claimant admitted that he did not receive a pay raise for the 1987 year. It was also Claimant's testimony that unlike prior years, an office supervisor was appointed to supervise Claimant's office.

It is well settled that a disagreement with employer policy, a dissatisfaction with working conditions centering around differences or personality conflicts with an employer, or a dissatisfaction with wages do not constitute necessitous and compelling reasons for voluntarily terminating employment. *See Matvey; Davis v. Unemployment Compensation Board of Review*, 105 Pa. Commonwealth Ct. 377, 524 A.2d 1033 (1987); *Ehmann v. Unemployment Compensation Board of Review*, 86 Pa. Commonwealth Ct. 18, 483 A.2d 587 (1984).

In the matter herein, there is no evidence of record which would allow us as a matter of law to conclude that Claimant's resignation was for necessitous and compelling reasons. Rather, Claimant's resignation was merely due to *potential* personal conflicts and a dissatisfaction

with working conditions and wages. Thus, we must affirm the Board's denial of benefits.

Claimant also argues that the referee's refusal to admit certain evidence into record resulted in a denial of Claimant's due process rights. It is axiomatic, of course, that administrative hearings must comport with basic notions of due process. *Knox v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 588, 317 A.2d 60 (1974). A referee is not free to disregard rules of evidence and if evidence is not relevant the referee may exclude it. *See Kope v. Workmen's Compensation Appeal Board (Borg Warner Corp.)*, 98 Pa. Commonwealth Ct. 341, 510 A.2d 1294 (1986). *Also see Bokoski Unemployment Compensation Case*, 206 Pa. Superior Ct. 96, 211 A.2d 124 (1965) (referee has wide latitude in the admission of evidence). Claimant sought to admit into evidence certain testimony that the Supervisors at the January 14th meeting had appointed an "acting" solicitor and later dismissed this solicitor. We do not believe the referee's actions here resulted in a denial of due process to Claimant especially in light of the fact that the record reveals several individuals in addition to Claimant and the solicitor were appointed to various Township positions in an "acting" status only. Further, this evidence Claimant sought to admit involved actions by the Supervisors occurring *subsequent* to Claimant's resignation.

Accordingly, the denial of benefits was proper and the order of the Board is affirmed.

## ORDER

AND NOW, this 15th day of February, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.